UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWARD HOWARD WILEY,               )<br>                                                          )<br>            Plaintiff,              )<br>                                                          )<br>    v.                                                 )<br>                                                          )<br>DEP'T OF CHILDREN & FAMILY  )<br>SERVICES, et al.,                         )<br>                                                          )<br>            Defendants.           )<br>_____) | No. CV 12-04334 GHK (AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

**Proceedings**

Plaintiff, proceeding pro se and in forma pauperis, filed a civil rights complaint for damages against the Los Angeles County Department of Children and Family Services (the "County"). The County filed a motion to dismiss the complaint for failure to state a claim and on immunity grounds. Plaintiff filed opposition to the motion, and the County filed a reply.

For the reasons described below, the complaint is dismissed with leave to amend for failure to state a claim. Plaintiff has three options:

(1)  Plaintiff may continue this action in this court by filing a "First Amended Complaint" within **twenty-one (21) days** of the date of this order. No extension of time will be granted absent a showing of good cause supported by a declaration under penalty of perjury. Any amended complaint should attempt to correct the defects described below.

(2) Plaintiff **may file a "Notice of Intent Not to Amend Complaint"** within **twenty-one (21) days** of the date of this order. The timely filing of a notice of intent not to amend will be construed as an indication that plaintiff wishes to challenge dismissal of the complaint by seeking review of this order in the Ninth Circuit Court of Appeals. If the court receives timely written notice of plaintiff's intent not to file an amended complaint, this action will be dismissed with prejudice for failure to state a claim, and plaintiff will be free to appeal the order of dismissal. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

(3) Plaintiff **may do nothing in response to this order**. If plaintiff does not respond to this order by filing either a timely amended complaint or a timely notice of intent not to amend, plaintiff will be deemed to have consented to the dismissal of this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with this order. See Edwards, 356 F.3d at 1063-1066.

**Plaintiff's allegations**

Plaintiff alleges as follows. On June 9, 2009, a County social worker visited him and told him of allegations of "general abuse, child neglect and child abuse" against him. [Complaint 3]. Plaintiff met with that social worker and four others on June 6, 2009. At the conclusion of the meeting, it was determined that the allegations were "unfounded"; nonetheless, plaintiff's children were removed from his home and placed with a "caretaker." Plaintiff was required to continue to provide for his children while they were the caretaker's custody. [Complaint 3].

On June 8, 2009, the social worker ordered plaintiff to take a drug test before 5 p.m., but did not give plaintiff the test center's address or send the test center the required paperwork, so plaintiff did not take the test. The social worker told plaintiff the missed test would be considered "dirty," but after plaintiff contacted a supervisor, the drug test was rescheduled for June 12, 2009. Plaintiff took the test, which was negative. [Complaint 3-4].

On June 15, 2009, plaintiff received a summons to appear in children's court for the "unfounded" abuse and neglect allegations. On June 30, 2009, after several court appearances, the court ordered plaintiff's children returned to him, but the children were not returned to him. [Complaint 5].

1    On August 8, 2009, the social worker called plaintiff and ordered him to take another drug test
2    before 5 p.m. Plaintiff complied. [Complaint 5].
3    Plaintiff received a summons to appear in court again on August 15, 2009 based on allegations that
4    his drug test was positive. [Complaint 5]. When plaintiff appeared in court, he found that the drug test
5    results paperwork was a blank piece of paper. Plaintiff demanded that the court make the social worker
6    produce a copy of the alleged positive test results and argued that the blank form should not be admitted
7    as evidence against him, but the referee ruled against him and found sufficient cause to continue to hold
8    plaintiff's children as wards of the court. [Complaint 5].
9    Plaintiff does not allege any facts occurring after August 15, 2009. Nonetheless, he alleges that he
10   has been subjected to discrimination on account of his "gender as a father" between June 8, 2009 and
11   November 2011. [Complaint 1].
12   Liberally construed, the complaint's seven "causes of action" assert the following claims: (1) gender
13   discrimination, in violation of 42 U.S.C. § 2000e and California law [Complaint 2-3]; (2) conspiracy to
14   discriminate against plaintiff on the basis of his race and gender, in violation of 42 U.S.C. § 1983
15   [Complaint 3-6]; (3) professional negligence under California law [Complaint 6-7]; (4) negligent infliction
16   of emotional distress under California law [Complaint 7-8]; (5) racial and gender discrimination, in violation
17   of 42 U.S.C. § 1981 and California law [Complaint 7-8, 9-10]; and (6) deprivation of plaintiff's due process
18   rights in violation of section 1983 and California law [Complaint 11-12]. Plaintiff seeks damages.
19   [Complaint 14].
20   **Dismissal under Fed. R. Civ. P. 12(b)(6)**
21   To survive dismissal under Rule 12(b)(6) for failure to state a claim on which relief can be granted,
22   "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
23   plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows
24   the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft
25   v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and
26   citing Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the
27   speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in
28   fact)." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). The court must accept

3

1 as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal
2 conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory
3 statements, do not suffice." Iqbal, 556 U.S. at 678. For purposes of dismissal, the court "consider[s] only
4 allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to
5 judicial notice." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012). The court has "an obligation where
6 the [plaintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the
7 [plaintiff] the benefit of any doubt." Akhtar, 698 F.3d at 1212 (quoting Bretz v. Kelman, 773 F.2d 1026,
8 1027 n.1 (9th Cir. 1985) (en banc)).

**Rooker-Feldman doctrine**

10 Defendants contend that plaintiff's claims are barred under the Rooker-Feldman doctrine. [County's
11 Motion to Dismiss ("County's MTD") 7-8].
12 The Rooker-Feldman doctrine is derived from two United States Supreme Court cases. See Dist.
13 of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983); Rooker v. Fidelity Trust Co., 263
14 U.S. 413, 416 (1923). The Rooker-Feldman doctrine "stands for the relatively straightforward principle that
15 federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." Carmona
16 v. Carmona, 603 F.3d 1041, 1050-51 (9th Cir. 2010); see Dubinka v. Judges of Sup.Ct., 23 F.3d 218, 221
17 (9th Cir.1994) ("Federal district courts may exercise only original jurisdiction; they may not exercise
18 appellate jurisdiction over state court decisions."). Under the Rooker-Feldman doctrine, a federal district
19 court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by
20 state-court judgments rendered before the district court proceedings commenced and inviting district court
21 review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,
22 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but
23 to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices
24 v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888,
25 893 n.3 (9th Cir. 1986).
26 The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court,"
27 Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly
28 contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising

4

subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona, 603 F.3d at 1050 (quoting Noel, 341 F.3d at 1164).

Plaintiff alleges that a County social worker violated his due process rights, conspired to discriminate against him, and discriminated against him by offering a "blank form" to prove plaintiff's drug test results. [Complaint 5, 8, 10, 12]. Plaintiff also alleges that the referee admitted that evidence and ordered that plaintiff's children remain wards of the state [Complaint 5], plaintiff's claims arising from the offer or admission of that evidence against plaintiff amount to a de facto appeal of a state court order.

Accordingly, defendant's motion is granted with respect to plaintiff's federal claims arising from the offer or admission of that evidence, and those claims are dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. However, the complaint does not allege the existence or substance of any other state court order or judgment with enough specificity to demonstrate that the Rooker-Feldman doctrine applies to his remaining claims.[1]

**Statute of limitation**

Defendant alleges that plaintiff's federal claims are time-barred. [County's MTD 8].

"A district court may dismiss a claim 'if the running of the statute is apparent on the face of the complaint,'" provided "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Cervantes v. Countrywide Home Loans, Inc 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980)).

In section 1983 actions, "courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004), cert. denied, 546 U.S. 820 (2005); see Wallace v. Kato, 549 U.S. 384, 394 (2007); Wilson v. Garcia, 471 U.S. 261, 269 (1985). For section 1983 claims arising in California, the limitation period is two years. See Cal.

---

[1] Defendant, of course, is not precluded from moving for summary judgment on that ground, if appropriate.

1 Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-955 (9th Cir. 2004), cert. denied, 544
2 U.S. 968 (2005). Federal law, however, determines when a section 1983 claim accrues. Wallace, 549 U.S.
3 at 388. Under federal law, a section 1983 claim accrues when the plaintiff knows or has reason to know of
4 the injury that is the basis of the claim. Maldonado, 370 F.3d at 954.

5       The complaint describes events that occurred between June 5, 2009 and August 15, 2009. Plaintiff's
6 allegations establish that he knew or had reason to know of the injuries that are the basis for his claims no
7 later than August 15, 2009, the date of the last occurrence alleged in his complaint. Plaintiff's complaint
8 establishes that by that date, he was aware of the abuse and neglect allegations made against him, the
9 County had removed his children from his custody, and the state court had considered drug test evidence
10 against him and had ordered that his children remain wards of the state. Absent tolling, the limitation period
11 for plaintiff's section 1983 claims expired two years later, on August 15, 2011. Plaintiff's complaint was
12 lodged with the Clerk on May 18, 2012, about nine months too late.

13       Plaintiff also alleges, however, that the County "discriminated" against him from June 8, 2009 "until
14 November 2011." [Complaint 1]. Plaintiff has not alleged any facts that occurred after August 15, 2009.
15 Thus, even read with the required liberality, the complaint does not contain sufficient facts to establish that
16 the section 1983 limitation period was tolled or had not expired when the complaint was filed.

17       Plaintiff also alleges violations of "section 1981 of the Civil Rights Act of 1964," based on
18 allegations that defendant "knowingly submitted insufficient [d]ocumentation indicating that plaintiff
19 submitted a positive drug result [w]hich was a blank piece of paper . . . ." [Complaint 7-8]. Plaintiff's
20 section 1981 claim is construed to arise under subsection (a), which gives "[a]ll persons within the
21 jurisdiction of the United States . . . the same right in every State and Territory to make and enforce
22 contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for
23 the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment,
24 pains, penalties, taxes, licenses, and exactions of every kind, and to no other." The statute of limitation for
25 plaintiff's section 1981(a) claim, like his section 1983 claim, is California's two-year limitation period for
26 personal injury claims. See Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 974 & n.5 (9th Cir. 2004);
27 Taylor v. Regents of the Univ. of Cal., 993 F.2d 710, 711 (9th Cir. 1993), cert. denied, 510 U.S. 1076
28 (1994). Plaintiff's section 1981 claims are untimely for the same reasons that apply to his section 1983

6

1 claims.

2 Plaintiff's section 1981 and 1983 claims are untimely on their face, and therefore defendant's motion
3 to dismiss those claims is granted.

4 **Sufficiency of plaintiff's allegations**

5 Defendant also contends that plaintiff's factual allegations are insufficient to state an actionable
6 federal claim. [County's MTD 10-11].

7 A section 1983 plaintiff bears the burden of pleading and proving two essential elements: (1) conduct
8 that deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United
9 States; and (2) the alleged deprivation was committed by a person acting under the color of state law. See
10 West v. Atkins, 487 U.S. 42, 48 (1988); Johnson v. Knowles, 113 F.3d 1114, 1119 (9th Cir.), cert. denied,
11 522 U.S. 996 (1997); Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988).

12 A section 1983 plaintiff bears the burden of pleading and proving two essential elements: (1) conduct
13 that deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or laws of the
14 United States; and (2) the alleged deprivation was committed by a person acting under the color of state law.
15 See West v. Atkins, 487 U.S. 42, 48 (1988); Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988). A
16 municipality such as the County is a "person" within the meaning of section 1983; however, a municipality
17 "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be
18 held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Srvs. of City of New
19 York, 436 U.S. 658, 691 (1978). A municipality may be liable under section 1983 for monetary,
20 declaratory, or injunctive relief where the constitutional deprivation was caused by the implementation or
21 execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by
22 that body's officers." Monell, 436 U.S. at 690; see Los Angeles County, Cal. v. Humphries, — U.S. —, 131
23 S.Ct. 447, 451 (2010); Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 403-404 (1997) . To establish
24 municipal liability, plaintiff must show that (1) she was deprived of a constitutional right; (2) the County
25 had a policy, practice, or custom; (3) the policy, practice, or custom amounted to deliberate indifference to
26 one or more of plaintiff's constitutional rights; and (4) the policy, practice, or custom was the "moving force
27 behind the constitutional violation." Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996), cert.
28 denied, 519 U.S. 1111 (1997); see Brown, 520 U.S. at 407. Monell's "policy or custom" requirement also

applies to claims against a municipality under section 1981. Federation of African American Contractors v. City of Oakland, 96 F.3d 1204, 1214-1216 (9th Cir. 1996).

The complaint does not allege any facts plausibly suggesting that a County policy, practice, or custom caused the alleged deprivations of plaintiff's federal rights. Therefore, the complaint fails to state a cognizable section 1981 or section 1983 claim against the County. In addition, gender discrimination is not actionable under section 1981, which creates a remedy only for discrimination based on race or ethnicity. Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1123 (9th Cir. 2008); Jones v. Bechtel, 788 F.2d 571, 574 (9th Cir.1986).[2]

Plaintiff also appears to be attempting to allege a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. [Complaint 2]. "Title VII prohibits discrimination on the basis of race, color, religion, sex, and national origin with respect to compensation, terms, conditions, or privileges of employment, and discriminatory practices that would deprive any individual of employment opportunities or otherwise adversely affect his status as an employee." Thompson v. N. Am. Stainless, LP, — U.S. —, 131 S.Ct. 863, 868 (2011) (internal quotation marks and ellipsis omitted); see 42 U.S.C. §§ 2000e-2(a). Plaintiff's complaint does not allege discrimination in the context of employment and does not state a claim under Title VII.

**Absolute and qualified immunity**

It is unnecessary to address the County's contention that social workers are entitled to absolute and qualified immunity because the County is the sole defendant in this case, and it is not entitled to assert an immunity defense on its own behalf. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166 (1993); Owen v. City of Independence, 445 U.S. 622, 650 (1980); Monell, 436 U.S. at 701.

**Conclusion**

For the reasons described above, the complaint fails to state a cognizable federal claim.

---

[2] Even liberally construed, the complaint does not allege a claim under 42 U.S.C. § 1985. Therefore, it is necessary for the Court to address the County's contentions with respect to section 1985. In any event, a section 1985 conspiracy claim cannot be predicated on facts that fail to state a section 1983 claim. Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005).

8

1  Accordingly, the complaint is dismissed in its entirety pursuant to Rule 12(b)(6). Since it is not absolutely
2  clear that the deficiencies of the complaint cannot be cured by amendment, the complaint is dismissed with
3  leave to amend in accordance with the instructions set forth above. See Lopez v. Smith, 203 F.3d 1122,
4  1130 (9th Cir. 2000) (en banc) (stating that leave to amend should be granted when a complaint is dismissed
5  under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect").

**IT IS SO ORDERED.**

February 7, 2013

_____
ANDREW J. WISTRICH
United States Magistrate Judge